UNITED STATES DISTRICT COURT
District of Connecticut

FILED

Thaddeus Taylor,
  Petitioner,
                                : 3:02 CV 724 (DJS)
                                  2004 FEB -9 P 5:02
v.                              :
                                  US DISTRICT
                                  BRIDGEPORT
John Armstrong, et al           : December 8, 2003
  Respondents

MOTION TO "REOPEN" HABEAS CORPUS;
AND RECONSIDERATION BASED UPON
NEWLY EXHAUSTION of ISSUE TO CT-Supreme Court

   The Petitioner Thaddeus Taylor in the above captioned case respectfully moves this Honorable Court for an order to "reopen" this matter and Reconsider the Court's decision to dismiss the Petitioner Habeas Corpus petition (under §2254) as a result of the Petitioner's failure to exhaust all of his State Court Remedies. Specifically, the Court indicated that the Petitioner had not provided the Court with proof that a "writ of Mandamus" Requesting that the same issues (IAD-Claims) was properly filed with the CT-Supreme Court and decided upon the merits.

   On October, 2003 the Petitioner did infact file with the CT-Supreme Court a proper "writ of Mandamus"... asking the CT Supreme Court to dismiss his State Charges as a result of the STATE violating the Interstate Agreement on detainers ACT (IAD) Anti-shuttling Provisions.

The "Writ of Mandamus" also asked the CT-Supreme Court to direct the STATE Court Judge in his pending STATE Habeas Corpus CV 01-0452868 S Taylor v. Commissioner and CV 98-0467655 S Taylor v. Warden -- in which also raised the same "IAD claims" as raised in the instant matter. The STATE Judge's also denied the "IAD Claims" without conducting an evidentiary hearing[1]... to afford the Petitioner the opportunity to establish an adequate record.

On November 20, 2003, the CT-Supreme Court considered the "IAD" claims on the merits and <u>dismissed</u> the writ of mandamus. Accordingly, the Petitioner now submits that he have at least allowed the STATE's Highest Court (CT-Supreme Court) the opportunity to address the Interstate Agreement on Detainers Act - Claims and apply such within Federal Law.

The Petitioner, also submits that he would now be prohibited "per se" from raising other claims involving the STATE Conviction -- in which was raised on direct appeal and to the STATE Highest Court if the Court decides not to Reopen this matter. (Shackling Claims and Access to Law Library Claims)

---

[1] Because the STATE Judge's also refused to allow the Petitioner to establish an adequate record of facts -- claiming <u>inter alia</u> the Higher Court already denied the issues -- The Petitioner filed the "writ of Mandamus" to the CT-Supreme Court -- asking the Highest Court to correct the situation.

—3—

(But see, the Petitioner's newly filed Habeas (12/03) Corpus petition filed with the U.S. District Court including same IAD-Claims, Shackling Claims and Access to Law Library claims)

Because the Petitioner herein presents "new evidence" that he have exhausted his State Remedies, to include to the State's Highest Court, CT-Supreme Court — the Petitioner respectfully moves the Court to reopen this matter and conduct further proceedings.[2] (See Attached documents in support) Wherefore it is so moved.

Oral Argument Requested
Testimony Required.

Respectfully Submitted,

Thaddeus Taylor #237855
Thaddeus Taylor, pro se
Cheshire CI
900 Highland Ave
Cheshire, CT 06410

Certificate of Service

I certify that a copy of this Motion to Reopen case with attached documents was mailed to Attorney Carolyn K. Longstreth, office of the Chief State's Attorney, 300 Corporate Place, Rocky Hill, CT 06067 on this 8th day of December, 2003. Postage prepaid.

Thaddeus Taylor pro se
Thaddeus Taylor

---

[2] The Petitioner also is aware that an appeal of the decision to dismiss his Habeas Corpus by the Court is also pending USCA 03-2671; and a new Habeas Corpus petition have been filed with the U.S. District Court (case number have not been assigned to date)... however both maybe withdrawn if this matter is "reopened" as requested by the Petitioner.

SUPREME COURT

STATE OF CONNECTICUT

NO. CR96-0434841S

STATE OF CONNECTICUT

v.

THADDEUS TAYLOR :  NOVEMBER 20, 2003

## ORDER

THE WRIT OF MANDAMUS OF THE DEFENDANT, FILED OCTOBER 14, 2003, TO DISMISS THE CHARGES AGAINST HIM IN THE ABOVE CAPTIONED MATTER, HAVING BEEN PRESENTED TO THE COURT, IT IS HEREBY O R D E R E D  **DISMISSED**.

SULLIVAN, C.J., DID NOT PARTICIPATE IN THE CONSIDERATION OR DECISION OF THE MOTION.

BY THE COURT,

*/s/ Michele T. Angers*
CHIEF CLERK

NOTICE SENT: NOVEMBER 20, 2003
THADDEUS TAYLOR, #237855
EUGENE R. CALISTRO, JR., ASSISTANT STATE'S ATTORNEY
OFFICE OF THE CHIEF STATE'S ATTORNEY
HON. DAVID P. GOLD
CLERK, NEW HAVEN SUPERIOR COURT AT GA 23

137/031138

# SUMMONS - CIVIL
(Except Family Actions)
JD-CV-1 Rev. 1-2000
C.G.S. § 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. Secs 3-1 thru 3-21, 6-1

## STATE OF CONNECTICUT
### SUPERIOR COURT
www.jud.state.ct.us

Case 3:02-cv-00724-DJS   Document 35   Filed 02/09/2004

**"X" ONE OF THE FOLLOWING:**
Amount, legal interest or property in demand, exclusive of interest and costs is:
- [ ] less than $2,500
- [ ] $2,500 through $14,999.99
- [ ] $15,000 or more

("X" if applicable)
- [X] Claiming other relief in addition to or in lieu of money or damages.

### INSTRUCTIONS
1. Type or print legibly; sign original summons and conform all copies of the summons.
2. Prepare or photocopy conformed summons for each defendant.
3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
4. After service has been made by a proper officer, file original papers and officer's return with the clerk of court.
5. The party recognized to pay costs must appear personally before the authority taking the recognizance.
6. Do not use this form for actions in which an attachment, garnishment or replevy is being sought. See Practice Book Section 8-1 for other exceptions.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

RETURN DATE (Mo., day, yr.) (Must be a Tuesday)

| | | |
|---|---|---|
| [ ] JUDICIAL DISTRICT CT-Supreme Court | AT (Town in which writ is returnable) (C.G.S. 51-346, 51-349) Hartford, CT | CASE TYPE (See JD-CV-1c) Major M20 Minor |
| [ ] HOUSING SESSION  [ ] G.A. NO. | | |

ADDRESS OF COURT CLERK WHERE WRIT AND OTHER PAPERS SHALL BE FILED (No., street, town and zip code) (C.G.S. 51-346, 51-350)
Chief Supreme Court - 231 Capitol Avenue, Drawer Z, Station A, Hartford, CT 06106

TELEPHONE NO. (with area code)

| PARTIES | NAME AND ADDRESS OF EACH PARTY (No., street, town and zip code) | NOTE: Individuals' Names: Last, First, Middle Initial [ ] Form JD-CV-2 attached | PTY NO. |
|---|---|---|---|
| FIRST NAMED PLAINTIFF | TAYLOR, THADDEUS M. (#237855 CT DOC) Cheshire CI, 900 Highland Ave, Cheshire, CT 06410 | | 01 |
| Additional Plaintiff | | | 02 |
| FIRST NAMED DEFENDANT | STATE of Connecticut, Superior Court Trial Judge 235 Church Street, New Haven, CT 06510 | | 50 |
| Additional Defendant | Chief STATE'S Attorney OFFICE 300 Corporate Place Rocky Hill, CT | | 51 |
| Additional Defendant | CT - Dept. of Corrections - Commissioner 24 Wolcott Hill Rd Wethersfield CT | | 52 |
| Additional Defendant | | | 53 |

## NOTICE TO EACH DEFENDANT
1. YOU ARE BEING SUED.
2. This paper is a Summons in a lawsuit.
3. The Complaint attached to these papers states the claims that each Plaintiff is making against you in this lawsuit.
4. To respond to this Summons, or to be informed of further proceedings, you or your attorney must file a form called an "Appearance" with the Clerk of the above-named Court at the above Court address on or before the second day after the above Return Date.
5. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default.
6. The "Appearance" form may be obtained at the above Court address.
7. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately take the Summons and Complaint to your insurance representative.
8. If you have questions about the Summons and Complaint, you should consult an attorney promptly. The Clerk of Court is not permitted to give advice on legal questions.

| DATE | SIGNED (Sign and "X" proper box) | [ ] Comm. of Superior Court [ ] Assistant Clerk | TYPE IN NAME OF PERSON SIGNING AT LEFT |
|---|---|---|---|

FOR THE PLAINTIFF(S) PLEASE ENTER THE APPEARANCE OF:

| NAME AND ADDRESS OF ATTORNEY, LAW FIRM OR PLAINTIFF IF PRO SE (No., street, town and zip code) | TELEPHONE NUMBER | JURIS NO. (If atty. or law firm) |
|---|---|---|
| Thaddeus Taylor #237855 Cheshire CI, 900 Highland Ave, Cheshire CT 06410 | | |

NAME AND ADDRESS OF PERSON RECOGNIZED TO PROSECUTE IN THE AMOUNT OF $250 (No., street, town and zip code)

SIGNATURE OF PLAINTIFF IF PRO SE
*Thaddeus Taylor*

| # PLFS. 1 | # DEFS. 3 | # CNTS. | SIGNED (Official taking recognizance; "X" proper box) | [ ] Comm. of Superior Court [ ] Assistant Clerk | For Court Use Only FILE DATE |
|---|---|---|---|---|---|

IF THIS SUMMONS IS SIGNED BY A CLERK:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service thereof.

| I hereby certify I have read and understand the above: | SIGNED (Pro Se Plaintiff) *Thaddeus Taylor* | DATE SIGNED Oct. 6, 2003 | DOCKET NO. |
|---|---|---|---|

Thaddeus Taylor                                    October 6, 2003

IN RE: Superior Court Trial Judges; State Attorney Office
       CT-DOC - Commissioner

## WRIT OF MANDAMUS

Pursuant to Practice Book section 23-45 et al seq.,
The Plaintiff Thaddeus Taylor respectfully files this complaint/writ of mandamus requesting this Honorable Court to direct the Superior Court Trial Judge at New Haven Superior Court and/or the appropriate State's Attorney to issue an order to dismiss his criminal charges against him in the matter of (STATE v. TAYLOR CR-96-434841 New Haven Superior Court) for the State violating the Interstate Agreement on Detainers Act (IAD); C.G.S. §54-186 et al seq. Anti-shuttling Provisions.

Specifically, the Plaintiff was a sentenced Federal prisoner with pending State charges against him. The State of Connecticut lodged a detainer against the Plaintiff with Federal Authorities. On May 30, 1996, May 31, 1996 thru August 27, 1996... the State of Connecticut requested the Plaintiff's custody to face State charges and process the Plaintiff through the "IAD", C.G.S.§54-186 which is both Federal and State Law.

The Plaintiff was transferred under the "IAD" from Federal Custody to State Custody

—1—

on May 30, 1996 to face pending State charges and allowed to be returned to Federal Custody that same day without going to trial. On May 31, 1996 the next day, the Plaintiff was again transferred from Federal Custody to State Custody under the Interstate Agreement on Detainers Act (IAD) and remained in CT-DOC custody on trial status until August 27, 1996. The State transported the Plaintiff back and forth to New Haven Superior Court and Bridgeport Superior Court to resolve pending State charges in which detainers were lodged against the Plaintiff with Federal Authorities. The State's Attorney requested the Plaintiff to be held to attend numerous hearings and was placed on the trial lists. The Plaintiff was housed at Northern CI on 23 hour Lock-down status, without adequate access to the Courts, Law Library or contact with his Attorney.

On August 27, 1996, the State of Connecticut allow the Plaintiff to be returned to his original place of incarceration in Federal Custody without going to trial on any of the pending State charges (CR-96-434841). The Plaintiff also requested that all matters be resolved.

-2-

(Speedy trial motion filed).

Once the STATE Allowed the Plaintiff to be returned back to his orginal place of incanceration (Federal Custody) after being processed through the "IAD" The Judicial Authority, STATE'S Attorney was required to dismiss all the charges against the Plaintiff as a matter of LAW.

The Trial Judges, STATE'S Attorney and Habeas Corpus Judge(s) refused to perform their duties to dismiss all the charges against the Plaintiff with Prejudice. The IAD, Antishutting provisions are Mandatory duties performance -- when the STATE violates such and the Judicial Authority were required to dismiss the charges without any discretion ... once the STATE sent the Plaintiff back to Federal Custody without being tried. On December 3, 1996, The STATE Processed the Plaintiff again through the "IAD" and convicted him at trial. However, the charges were/are required to be dismiss with prejudice as of August 27, 1996.

Therefore, the Plaintiff is being held in custody on charges that were and should have been dismissed with Prejudice. The New Haven

-3-

Superior Court Judges (Judicial Authorities) should have dismissed all the charges against the Plaintiff (STATE V. TAYLOR CR-96-434841)(STATE V. TAYLOR CR 95-106086T) Todate, the Judges refused to perform their duties and order all charges dismissed as a matter of Law... as a result of the STATE violating the Anti-shuttling Provisions of the "IAD"; C.G.S. §54-186 See <u>ALABAMA V. BOZEMAN</u>, 533 US__, 150 L.Ed.2d. 188, 121 S.Ct.__(2001)(Article IV(e) of Interstate Agreement on Detainers (18 USCS APPX) held to bar further proceedings against defendant who, having been transported to receiving state for 1 day, was returned to original place of imprisonment before Trial.)

Additionally, the Trial Judges refused to allow the Plaintiff to establish an adequate record of facts, calling witness(es) and appointment of counsel to represent the Plaintiff in STATE Habeas Corpus proceedings. The Plaintiff also have been instructed by Federal Judge to allow the CT-Supreme Court to address this issue first.

<u>PRAYER FOR RELIEF</u>

Accordingly, the Plaintiff requests this Honorable Court to grant this writ of Mandamus... and direct the New Haven Superior Court Trial Judge or the Court directly order

-8-

The Plaintiff's Criminal Charges be dismissed with Prejudice for Violating the "IAD", and Prosecutorial Misconducts relating to violating the Plaintiff due process Rights under the Law as a matter of Law.

Alternatively, the Plaintiff request the Court (Supreme Court) issue an order (mandamus) directing the Presiding Superior Court Judge at New Haven Superior Court to immediately Conduct a full evidentiary to establish the facts surrounding the IAD-Violation and decide the matter -- to which will be Automatically reviewed by this Honorable Court.

The Plaintiff request the Court Appoint Counsel to represent him before this Court or any other Court... and that an order directing the Lower Court to Conduct a full hearing within 60 days -- or the Plaintiff Shall be allowed to be released from incarceration (PA) and/or the Sentence (CR 96-434841) shall be stayed. Wherefore it is so moved.

Thaddeus Taylor #237855
Thaddeus Taylor, Pro Se
Cheshire CI
900 Highland Ave
Cheshire, CT 06410

-5-