UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 FEB -5 P 3: 23

US DIST...
PRIN...

THADDEUS TAYLOR          :
                         :
                         :                    PRISONER
     v.                  :    Case No.    3:02cv724(DJS)
                         :
JOHN ARMSTRONG, ET AL.   :
                         :


RULING AND ORDER

On August 26, 2003, the court granted the respondents'
motion to dismiss on the ground that the petitioner had not
exhausted his state court remedies.  (See Doc. # 28.)  Pending is
the petitioner's motion for reconsideration and motion for court
to take judicial notice.

The standard for granting a motion for reconsideration is
strict.  See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d
Cir. 1995).  Such a motion generally will be denied unless the
"moving party can point to controlling decisions or data that the
court overlooked--matters, in other words, that might reasonably
be expected to alter the conclusion reached by the court."  Id.
Thus, "the function of a motion for reconsideration is to present
the court with an opportunity to correct 'manifest errors of law
or fact or to consider newly discovered evidence . . . .' "
LoSacco v. City of Middletown, 822 F. Supp. 870, 876-77 (D. Conn.
1993) (quoting Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d
246, 251 (7th Cir. 1987)), aff'd, 33 F.3d 50 (2d Cir. 1994).

"[A] motion for reconsideration may not be used to plug gaps in an original argument or to argue in the alternative once a decision has been made." <u>Horsehead Resource Dev. Co., Inc. v. B.U.S. Envtl. Serv., Inc.</u>, 928 F. Supp. 287, 289 (S.D.N.Y. 1996) (internal citations and quotations omitted).

Here, the plaintiff states that a state superior court judge denied his state habeas petition on August 5, 2003, just before this court issued its ruling denying the petitioner's federal habeas petition. The court was unaware of the state court decision. The petitioner's motion to take judicial notice did not reach the court until September 2, 2003. Although the state court judge denied the petitioner's state habeas petition, the petitioner's claim is still not exhausted because he does not allege that he appealed the denial to the Connecticut Appellate and Connecticut Supreme Court. The fact remains that the petitioner did not exhaust his state court remedies prior to filing this action and the claim remains unexhausted. The court concludes that its August 27, 2003 Ruling is not erroneous. The court notes that the ruling dismissed this petition without prejudice to **re-filing** after the exhaustion of state remedies. Thus, after the petitioner fully exhausts his state court remedies he may file a new petition for writ of habeas corpus in this court.

## Conclusion

Thus, the petitioner's Motion for Reconsideration [doc. #

31] is GRANTED.  After careful reconsideration, the court's

ruling granting the motion to dismiss on the ground that the

petitioner had failed to exhaust state court remedies is

AFFIRMED.  The Motion for Judicial Notice [doc. # 30] is DENIED

as moot.

     **SO ORDERED** this _4th_ day of February, 2004, at Hartford,

Connecticut.

                                      Dominic J. Squatrito
                                      United States District Judge